UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GIAU VAN DANG,

                    Petitioner,

     v.

BRUCE SCOTT, *et al.*,

                    Respondents.

Case No. C26-379RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Giau Van Dang's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the Return filed by the Government, Dkt. #12, a Traverse, Dkt. #15, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer. *See* Dkts. #1 and #13.

Petitioner is a Vietnamese refugee who came to the United States in 1990 and settled in Washington State. Dkt. #1 at 2; Dkt. #13 at 1. He has been convicted of multiple crimes throughout the years: twice for possession of stolen property in 1993, once for assault in 1994.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

Dkt. #13 at 1–2. In 2007 he was sentenced to 137 months in prison for kidnapping an adult for ransom. *Id*. at 2.

On December 20, 1995, an immigration judge ordered Petitioner excluded and deported from the United States. *Id*. On November 20, 2001, Petitioner was released on an Order of Supervision ("OSUP") due to the inability to obtain travel documents to Vietnam. *Id*. He was issued another OSUP on March 16, 2015, after release from prison. *Id*.

Petitioner stayed out of trouble for ten years. On September 05, 2025, he was enrolled in the Alternative to Detention ("ATD") program. *Id*. at 3. On December 23, 2025, for no clear reason offered by either party, a warrant was issued for Petitioner. *Id*. According to the verified Petition:

> ICE officers arrested him during a check-in at an ICE office. Petitioner Dang willingly appeared for this visit. He was accompanied by his stepson Daniel. He was transferred to the NWIPC later that day, while Daniel was told to remain at the ICE office and wait for his mother to pick him up.
>
> The arresting ICE officers did not tell Petitioner why he was being re-detained on December 23, 2025. Petitioner was not given a Notice of Revocation of Release, and no "initial informal interview" was performed as required by ICE regulations, 8 C.F.R. § 241.13(i)(3). As of the date of this filing, no ICE officer has spoken to Petitioner about the reasons for the revocation of his release, conducted an "initial informal interview," or given him an opportunity to respond to the reasons for the revocation.

Dkt. #1 at 7.

On February 5, 2026, Petitioner's OSUP was revoked "pursuant to 8 C.F.R. 241.13(i) and the determination that there is a significant likelihood of removal in the reasonably foreseeable future." *Id*. Respondents state that ICE is "currently seeking removal to Vietnam and no other country." *Id*.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3

2022).  The Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements.  In so doing, the Court is mirroring the application of this test used by other judges in this District.  *See, e.g., E.A. T.-B. v. Wamsley, et al.*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004).  That Petitioner was arrested, detained for months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his continued detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable noncitizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes.  But where a Petitioner has been detained for over four months without any clear change in circumstances and cannot be deported, the Government fails this factor.  There is no evidence on the record that he is a flight risk or danger to the community.  The Court finds that the Government's interest here is low.  *See also E.A. T.-B.*, *supra*.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 4

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained.

Petitioner has been held in detention for over four months. Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has further identified six months as a presumptively reasonable time to bring about a noncitizen's removal. *Id*. at 701. Once it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, noncitizens may be released on an Order of Supervision. 8 C.F.R. § 241.13(h). This can be revoked on account of changed circumstances where there is a significant likelihood of the noncitizen's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

Respondents offer no evidence or argument that removal was or is "reasonably foreseeable." The Court agrees with Petitioner that Respondents have waived any rebuttal on this point and essentially concede that Petitioner should be immediately released. *See* Dkt. #15 at 2–3. Furthermore, Respondents have had months to obtain a travel document for Petitioner and have failed to update the Court as to any progress on that front. It is not clear to the Court how removal could be reasonably foreseeable without a travel document given the circumstances of this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody immediately and may not be re-detained without

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5

adequate notice and a meaningful opportunity to respond.  Such notice must include the reasons for re-detention and, in this case, evidence that Respondents have obtained a travel document for Petitioner.

DATED this 27th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28
U.S.C. § 2241 - 6